NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PATRICK CORRIGAN, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

For the petitioner, *Russell Fleming.*

For the respondent, *John B. Stanard.*

\*     \*     \*     \*     \*     \*     \*

3. That the petitioner was employed by the respondent as a laborer in the division of water for several years past, and that he continued in such employment up to the 14th day of April, 1928, and that his duties consisted of digging up and adjusting water boxes.

4. That petitioner at the time of his injury received for his services wages amounting to sixty-five cents an hour, or $28.60 for a five and one-half-day week of eight hours a day, and was employed under the provisions of the civil service laws of this state.

5. That on the said 14th day of April, 1928, petitioner sustained personal injuries as a result of an accident; that the said accident consisted of an injury to his left eye, caused by a piece of metal which petitioner claims flew from a waterbox he was adjusting on Wilson avenue, Newark, New Jersey, and that petitioner has lost the sight of said eye as a result of said injury.

6. That petitioner's testimony with respect to the manner in which he received his injury is without corroboration. The testimony of Charles Vogel, a foreman in the employ of the respondent, and having oversight of the duties of petitioner, is to the effect that on Monday, April 16th, 1928, petitioner reported to him for work but petitioner appeared

to be intoxicated and unfit for work, and that he was sent home; that petitioner at that time did not mention having received an injury; that petitioner should have been working on Central avenue, Newark, on April 14th, when he claims to have received his injury, and that he did not send him to Wilson avenue as petitioner testified; that the testimony of Tony Delico, a fellow-laborer, corroborates the testimony of Charles Vogel with respect to the failure of petitioner to notify his foreman of the injury sustained on April 14th, and of the condition of the petitioner on Monday, April 16th; Delico further testified that about two weeks after Monday, April 16th, 1928, he was sent by his foreman to the home of petitioner to learn why he did not report for work, and that petitioner then told him that he had a bad eye and would return as soon as his eye got well.

7. That the respondent had no actual knowledge of the occurrence of the alleged injury to petitioner, and that petitioner did not prove by a preponderance of evidence that he had incurred such an injury in the course of his employment.

8. That petitioner was an employe of the city of Newark and as such employe his yearly earnings amounted to more than $1,200 and therefore does not come within the purview of the act referred to in paragraph one, above, respecting municipal employes.

HARRY J. GOAS,
*Deputy Commissioner.*